In re State of Louisiana; — Defendant; Applying for Supervisory and/or Remedial Writs, Parish of Orleans, Criminal District Court Div. C, Nos. 251-479 in No. 2004-KP-0454.
In re State of Louisiana; — Defendant; Applying for Supervisory and/or Remedial Writs, Parish of Orleans, Criminal District Court Div. E, Nos.248,426 in No. 2004-KP-1455.
_[jWrit granted.
JOHNSON, J., would deny the writ and assigns reasons.
11 JOHNSON, J.,
would deny the writ applications for the following reasons.
Albert Rey was convicted of possession of heroin with intent to distribute in 1975. In 1976, Richard Mahogany was convicted of distribution of heroin. Both defendants were convicted and, pursuant to former LSA-R.S. 40:966(B), were sentenced to life *978 imprisonment at hard labor, without benefit of probation or suspension of sentence. Recently, both defendants filed motions “for probation, alternatively, for re-sentencing, or declaration of sentencing scheme unconstitutional.” Two separate trial judges vacated defendants’ sentences and ordered their release.
At the time of defendants’ convictions, a conviction for distribution of heroin was a probatable offense under LSA-R.S. 40:966(B). However, in 1977, the Legislature amended LSA-R.S. 40:966(B), changing the penalty for distribution of | ¡Jieroin to imprisonment without benefit of probation or suspension of sentence. Since then, the statute has undergone several amendments, and currently provides for the benefit of probation or suspension of sentence, after at least five years of imprisonment at hard labor has been served.
Each of these defendants has served over 28 years in prison. Under the law that existed at the time of their convictions, and under the law that exists today, both defendants are eligible for probation or suspension of sentence. I believe that a life sentence, without benefit of probation or suspension of sentence, is so disproportionate to the severity of the crimes committed by these defendants that it runs afoul of the Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution.
Accordingly, I would deny these writ applications and allow the trial courts’ rulings to stand.